FILED
DALLAS COUNTY
10/17/2017 3:45 PM
FELICIA PITRE
DISTRICT CLERK

Angie Avina

CAUSE NO. <u>DC-17-09102</u>

| | | |
|---|---|---|
| **J&C PROPERTY COMPANY, JACO ENTERPRISES, INC., JAC BERG FAMILY, LP, BERG MANAGEMENT COMPANY, LLC** | § § § § § § § § § § | **IN THE DISTRICT COURT** |
| *Plaintiffs'* | | |
| **v.** | | **DALLAS COUNTY, TEXAS** |
| | | **160TH JUDICIAL DISTRICT** |
| **GREAT LAKES INSURANCE COMPANY** | | |
| *Defendant* | | |

---

### PLAINTIFFS' J&C PROPERTY COMPANY, JACO ENTERPRISES, INC., JAC BERG FAMILY, LP, BERG MANAGEMENT COMPANY, LLC'S FIRST AMENDED PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** J&C Property Company, JACO Enterprises, Inc., JAC Berg Family, LP, Berg Management Company, LLC, (hereinafter referred to as "Plaintiffs'"), complaining of Great Lakes Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs' intend for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiffs' seeks monetary relief of over $100,000.00.

### PARTIES

---

*Plaintiff J&C Property Company, JACO Enterprises, Inc. 's Original Petition*

2.   Plaintiffs' own commercial properties conducting business in Dallas County, Texas.

3.   Great Lakes Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service, Drinker Biddle, located at the following address: 1177 Avenue of the Americas, Fl 41, New York, New York 10036-2741.

## JURISDICTION

4.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.   The Court has jurisdiction over Defendant Great Lakes Insurance Company because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of Defendant's business activities in the State of Texas.  Specifically, Great Lakes Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.   Venue is proper in Dallas County, Texas, because the Property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.   Plaintiffs' purchased a policy from Defendant Great Lakes Insurance Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

---

8.  The Policy was purchased to insure Plaintiffs' property, (hereinafter referred to as "the Property"), which is located at 5528 Alpha Road, Dallas, Texas 75240 and 13500-13525 Montfort Place, Dallas, Texas 75240.

9.  Defendant Great Lakes Insurance Company and/or its agent sold the Policy insuring the Property to Plaintiffs'.

10. Plaintiffs' is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about March 17, 2016, Plaintiffs' experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Great Lakes Insurance Company. Plaintiffs' subsequently opened a claim on March 17, 2016 and Defendant Great Lakes Insurance Company assigned an adjuster to adjust the claim.

12. Thereafter, Defendant Great Lakes Insurance Company wrongfully underpaid Plaintiffs' claims and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiffs' claims, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiffs' loss, all of which were designed to intentionally minimize and underpay the loss incurred by the Plaintiffs'. Defendant's assigned adjuster failed to fully quantify Plaintiffs' covered losses, thus demonstrating that Defendant's assigned adjuster

did not conduct a thorough investigation of Plaintiffs' claims and/or intentionally adjusted Plaintiffs'

claims improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly

conducted a substandard investigation of the Properties.  This is evidenced by Defendant's assigned

adjuster's estimates, which failed to include all necessary items Plaintiffs' are entitled to under the Policy

to place the Properties in a pre-loss condition. These necessary items are covered and required under the

International Building Code and/or International Residential Code, as adopted by the State of Texas in

2001.

15. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on

buildings with "unprotected sides and edges" that "each employee on a walking/working surface

(horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a

lower level *SHALL* be protected from falling by the use of guardrail systems, safety net systems, or

personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis

added).  This protection was intentionally not included or reflected within the scope of work provided by

Defendant for Plaintiffs' damages to the Properties as an attempt to further deny Plaintiffs' benefits owed

under the Policy.

16. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly

undervalued all of the damages sustained to the Properties. As a result of Defendant's conduct, Plaintiffs'

claim was intentionally and knowingly underpaid.

---

*Plaintiff J&C Property Company, JACO Enterprises, Inc.'s Original Petition*

17. Defendant's assigned adjuster acted as an authorized agent of Defendant Great Lakes Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Great Lakes Insurance Company. Plaintiffs' relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Properties and to be issued payment to fix such damages, which did not happen and has not been rectified to date.

18. Defendant Great Lakes Insurance Company failed to perform its contractual duties to adequately compensate Plaintiffs' under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiffs' for proceeds to be in an amount sufficient to cover the damaged Properties.

19. Defendant and/or Defendant's assigned agent sold the Policy to the Plaintiffs', making various statements and representations to the Plaintiffs' that the Properties would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiffs' filed claims under the Policy with the belief that the Properties would be covered after a severe weather event such as the one that damaged the Properties.

20. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by the Plaintiffs'.

21. As a result of Defendant's wrongful acts and omissions, the Plaintiffs' were forced to retain the professional services of McClenny Moseley & Associates, PLLC, who are representing the Plaintiffs' with respect to these causes of action.

## AGENCY

22. Plaintiffs' hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. All acts by Defendant Great Lakes Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Great Lakes Insurance Company and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

26. Plaintiffs' hereby incorporate by reference of all facts and circumstances set forth under the foregoing paragraphs.

27. Plaintiffs' entrusted Defendant to properly adjust Plaintiffs' insurance claims for the Properties damage. Defendant did not properly adjust the claims and misinformed Plaintiffs' of the severity of the Properties damage. Defendant had and owed a duty to ensure that the Properties damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiffs' damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiffs' suffered significant injuries.

28. Defendant Great Lakes Insurance Company and its assigned adjuster had and owed a legal duty to Plaintiffs' to properly adjust all losses associated with the Properties. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

   A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Properties;

   B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Properties;

   C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiffs' damages; and,

   D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiffs', and were a proximate cause of Plaintiffs' damages.

## BREACH OF CONTRACT

29. Plaintiffs' hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant Great Lakes Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Great Lakes Insurance Company and Plaintiffs'. According to the Policy, which Plaintiffs' purchased, Defendant Great Lakes Insurance Company had the absolute duty to investigate Plaintiffs' damages, and pay Plaintiffs' policy benefits for the claims made due to the extensive storm-related damages.

31. As a result of the storm-related event, Plaintiffs' suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiffs' and its representatives, Defendant Great Lakes Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiffs' cost related benefits to properly repair the Properties, as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiffs' has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

32. Plaintiffs' hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

B. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

C. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiffs' claims (TEX. INS. CODE § 541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiffs' claims (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

34. As described in this First Amended Petition, Defendant Great Lakes Insurance Company represented to Plaintiffs' that its Policy and Great Lakes Insurance Company's adjusting and investigative services had

characteristics or benefits that it actually did not have, which gives Plaintiffs' the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

35. As described in this First Amended Petition, Defendant Great Lakes Insurance Company represented to Plaintiffs' that its Policy and Great Lakes Insurance Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

36. By Defendant Great Lakes Insurance Company representing that they would pay the entire amount needed by Plaintiffs' to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

37. Defendant Great Lakes Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiffs' to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

38. Defendant Great Lakes Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Therefore, Defendant's unconscionable conduct gives Plaintiffs' the right to relief under § 17.50(a)(3).

39. Defendant Great Lakes Insurance Company's conduct, acts, omissions, and failures, as described in this First Amended Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

40. Plaintiffs' is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Great Lakes Insurance Company, to its detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiffs' has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs' now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages which are described in this First Amended Petition.

41. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiffs' is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

42. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs' has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiffs' also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiffs' may show itself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

43. Plaintiffs' hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

44. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

A. Misrepresenting to Plaintiffs' pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

D. Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiffs' (§ 541.060(a)(4));

E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G. Forcing Plaintiffs' to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.   Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.   Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.   Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.   Failing to state the reasons for rejection (§ 542.056(c));

M.   Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N.   Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O.   Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

45.   By its acts, omissions, failures and conduct, Defendant Great Lakes Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiffs', the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Great Lakes Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

46. Defendant's aforementioned conduct compelled Plaintiffs' to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Great Lakes Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiffs' to file suit. § 542.003(5).

47. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Great Lakes Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiffs' is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

48. As a result of Defendant Great Lakes Insurance Company's unfair and deceptive actions and conduct, Plaintiffs' have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiffs' also seek to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiffs' may show justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

49. Plaintiffs' hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

50. From and after the time Plaintiffs' claims were presented to Defendant Great Lakes Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiffs' in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

51. For the breach of the common law duty of good faith and fair dealing, Plaintiffs' is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiffs', and/or exemplary damages for emotional distress.

## KNOWLEDGE

52. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiffs' damages described herein.

## DAMAGES

53. Plaintiffs' will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by the Plaintiffs'.

54. For breach of contract, Plaintiffs' are entitled to regain the benefits of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney's fees.

55. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs' are entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs' asks for three times Plaintiffs' actual damages. TEX. INS. CODE § 541.152.

56. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs' are entitled to the amount of Plaintiffs' claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiffs' are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

58. For the prosecution and collection of this claim, Plaintiffs' have been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiffs' are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiffs', and Plaintiffs' seeks an amount in excess of the minimum jurisdictional limits of this Court.

60. More specifically, Plaintiffs' seek monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

61. Defendant's conduct was committed knowingly and intentionally.  Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code.  Plaintiffs' is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

62. In addition, Plaintiffs' are entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

63. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiffs' requests that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

64. Plaintiffs' demand a jury trial, consisting of citizens residing in Dallas County, Texas, and tenders the appropriate fee with this First Amended Petition.

---

## DISCOVERY

65. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiffs' requests that Defendant

respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiffs' request that Defendant Great Lakes

Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs

(a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Great Lakes Insurance Company's complete claim files from the home, regional and

local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including

copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the

premises relating to or arising out of Plaintiffs' underlying claims.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this

action, including the file folders in which the underwriting documents are kept and drafts of all

documents in the files.

3. Please produce a certified copy of the insurance policy pertaining to the claims made subject of this

lawsuit, including all underwriting files and insurance applications sent on behalf of the Plaintiffs' in

its attempt to secure insurance on the Properties, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Great Lakes Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiffs' claims.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Properties, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Properties, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiffs' underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiffs' or Plaintiffs' home, regardless of whether Great Lakes Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiffs', not limited to physical or audio recordings of all conversations between Plaintiffs' and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiffs' by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Great Lakes Insurance Company and/or its agents after the date of loss of the Properties, which is the subject of this suit.

13. Please provide all correspondence between Great Lakes Insurance Company and its assigned adjuster, and all correspondence between Great Lakes Insurance Company and its assigned agents, after the date of loss of the Properties, which is the subject of this suit.

## III. INTERROGATORIES

1. Please identify any person Great Lakes Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiffs' claim for insurance benefits arising from damage relating to the underlying event, claim or the Properties, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Great Lakes Insurance Company or Great Lakes Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Great Lakes Insurance Company or any of Great Lakes Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Great Lakes Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

    a.      The date and manner in which Great Lakes Insurance Company received notice of the claim;

    b.      The date and manner in which Great Lakes Insurance Company acknowledged receipt of the claim;

    c.      The date and manner in which Great Lakes Insurance Company commenced investigation of the claim;

    d.      The date and manner in which Great Lakes Insurance Company requested from the claimant all items, statements, and forms that Great Lakes Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.      The date and manner in which Great Lakes Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiffs'.

7. Has Plaintiffs' claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Great Lakes Insurance Company anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiffs' claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Great Lakes Insurance Company's document retention policy.

---

10. Does Great Lakes Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11. Does Great Lakes Insurance Company contend that any act or omission by the Plaintiffs' voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Great Lakes Insurance Company contend that the Plaintiffs' failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiffs' claim evaluated?  State what performance measures are used and describe Great Lakes Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

66. Plaintiffs' prays that judgment be entered against Defendant Great Lakes Insurance Company and that Plaintiffs' be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this First Amended Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs' prays it be awarded all such relief to which it is due as a result of the acts of Defendant Great Lakes Insurance Company, and for all such other relief to

which Plaintiffs' may be justly and rightfully entitled. In addition, Plaintiffs' requests the award of treble

damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all

costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for

any other and further relief, either at law or in equity, to which Plaintiffs' may show the itself to be justly

entitled.

RESPECTFULLY SUBMITTED,

/s/ Derek L. Fadner

MCCLENNY, MOSELEY & ASSOCIATES, PLLC
James M. McClenny
Texas Bar No. 24091857
J. Zachary Moseley
Texas Bar No. 24092863
Derek L. Fadner
Texas Bar No. 24100081
James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com